IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICHOLAS AGUILAR,<br>    *Plaintiff*<br><br>-vs-<br><br>PICK FIVE IMPORTS, INC.,<br>GUANGDONG TREDY ELECTRIC CO.<br>LTD., INTERTEK TESTING SERVICES<br>NA, INC.,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-21-CV-01048-XR |

**ORDER**

On this date, the Court considered Defendants' Joint Motion for Leave to Designate Responsible Third Party (ECF No. 32). After careful consideration, the motion is **DENIED IN PART** and **GRANTED IN PART**.

**DISCUSSION**

Plaintiff filed this lawsuit against Defendants Pick Five Imports, Inc. ("Maxi-Matic"), Guangdong Tredy Electric Co. Ltd. ("Tredy"), and Intertek Testing Services NA, Inc. ("Intertek") alleging claims for injuries he suffered while using an allegedly defective pressure cooker. The petition alleges that Defendant Tredy manufactured a defective product, Defendant Maxi-Matic distributed that product, and Defendant Intertek certified that product as "safe."

Defendants Maxi-Matic and Intertek ("Movants") now seek to designate non-party Zhongshan City Gaotong Electric Co. Ltd. ("Zhongshan City") and Defendant Tredy as responsible third parties based on their belief that one or both of Zhongshan City and Tredy are the manufacturers of the allegedly defective pressure cooker, "or at least are the manufacturers of significant parts in the pressure cooker that may have failed and caused the injuries."

Texas Civil Practice and Remedies Code section 33.004 provides, in relevant part:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
....
(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.
....
(I) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:
    (1) does not by itself impose liability on the person; and
    (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

TEX. CIV. PRAC. & REM. CODE § 33.004.

Further, pursuant to section 33.004(h), by granting a motion for leave to designate a person as a responsible third party, the person is designated as a responsible third party for purposes of chapter 33 without further action by the court or any party. *Id*. § 33.004(h).

Under section 33.011 of the Texas Practice & Remedies Code, a "responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. *Id*. § 33.011(6).

### I.    Zhongshan City

Based on Movants' allegations, Zhongshan City may fall within the broad definition of section 31.011 of the Texas Practice & Remedies Code as a potential manufacturer of the alleged defective product in issue. *Id*.

However, section 33.004(l) provides that, "[a]fter adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id*. § 33.004(l). Should Plaintiff desire to file a motion under section 33.004(l), such a motion must be filed no later than the deadline for filing dispositive motions in the scheduling order.

The Court finds that designating Zhongshan City as a responsible third party is warranted.

## II. Tredy

A defendant is "any person from whom, at the time of the submission of the case to the trier of fact, a claimant seeks recovery of damages." *Id*. § 33.011(2). Although § 33.011(6) states that a responsible third party is "any person," that person must necessarily be a third party to the case, and not an existing defendant.

The Court finds that designating Tredy as a responsible third party is not warranted given that it is a party to this action. A party cannot simultaneously be a defending party and a responsible third party, and designation of an existing party as a responsible third party is redundant. *Norman v. Bodum USA, Inc.,* No. SA-19-CV-00494-XR, 2021 WL 1318006 (W.D. Tex. Apr. 8, 2021) (finding no need to designate existing party separately as a responsible third party). It appears, however, that Plaintiff has not yet effectuated service on Tredy. In the event that the claims against Tredy must be dismissed for want of service, the Court will consider a renewed motion to designate Tredy as a responsible third party.

## CONCLUSION

The Motion for Leave to Designate Responsible Third Parties (ECF No. 32) is **GRANTED IN PART** as to Zhongshan City Gaotong Electric Co. Ltd. and **DENIED IN PART** as to Guangdong Tredy Electric Co. Ltd., without prejudice to refiling in the event that Tredy is dismissed as a defendant in this action. Zhongshan City Gaotong Electric Co. Ltd. is designated as a responsible third party.

It is so **ORDERED**.

**SIGNED** this 17th day of May 2022.

 

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE